UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

UNITED STATES

v.                  405CR059

MARTIN J. BRADLEY, III, et. al.

# ORDER

## I. BACKGROUND

In this complex criminal RICO prosecution stemming from a prescription-drug-based fraud scheme, the Court appointed a receiver and monitor to facilitate the forfeiture of tens of millions of dollars worth of convicted defendants' assets to the United States. U.S. v. Bradley, 2008 WL 228064 (S.D. Ga. 1/25/08)(unpublished) (recounting case's history before extending the receivership until defendants' direct appeals are exhausted); doc. # 1107.

The receivership began in 2006, doc. ## 599, 790, and has cost approximately $3 million thus far. Doc. # 1204 (Monitor's Report No. 25 at 9); see also id. at 10 (Monitor's costs). In fact, in 2007 the Court expressly noted the Receivership's significant cost and hefty lawyer/accountant fees. U.S. v. Bradley, 2007 WL 4224963 at *1(S.D. Ga. 11/28/07)(unpublished). The Court later stayed forfeiture-collection of some disputed assets pending appeal. Bradley, 2008 WL 228064 at *8 ("the Movants have worked out a 'standstill' Consent Order . . . essentially locking down moneys and assets pending resolution of the appeals in this case"); id. at *14 (implementing it).

The Government has consistently certified that it has reviewed the Receiver's/Monitor's fee applications before moving the Court to approve same. See, e.g., doc. # 1145. In the face of the Government's sixth compensation-approval motion, the Court expressed its concern about the expenses incurred thus far. It therefore directed the Receiver and Monitor to jointly file: (1) a description of the alleged assets that the Receiver is attempting to liquidate and her opinion of the probable success of these efforts; and (2) a summary of the proposed work necessary to maintain the receivership through 2008, including an identification of what work is "cost-benefit" necessary, plus a reasonable estimate of the cost for accomplishing the same. Doc. # 1172. The Receiver and Monitor complied. Doc. # 1181; doc. #1206 (corrected joint filing).

## II. ANALYSIS

### A. Assets Not Subject to Stay

In its September 24, 2008 joint filing, the Receiver and Monitor identified numerous assets not subject to the Court's January 25, 2008 stay order, including: (1) Bio-Med accounts receivable; (2) Bio-Med secured receivables; (3) other accounts receivables; and (4) real estate assets. Id. at 4-10. The joint filing also identified several instances where the Receiver did not have sufficient information to form an opinion as

to the probable success of collection efforts. Id.

Within 7 days of the date this Order is served, the Receiver shall supplement her Sixth 60-Day Report, doc. # 1202, and advise the Court on her efforts to collect on the McKesson receivables and the Trespalacios note, and the cost-benefit of same. Further, the Court is particularly interested in the results of the Receiver's efforts to determine whether Bio-Med funds were used to purchase the Newport Beach, California home allegedly owned by Bradley III, Steve Getz and Scott Wise. See doc. #1181 at 6-7. Accordingly, the Receiver shall supplement her 60-Day Report with the results of her efforts regarding the Newport Beach home.

Within any future 60-Day reports, the Receiver is further directed to update the Court on her collection efforts, including a cost-benefit analysis, with regard to all assets not subject to the stay order and which were identified within the September 24, 2008 joint filing.

B. **RECEIVER'S EMERGENCY MOTION**

In the Order appointing Receiver and Monitor, the Court ordered the Monitor "to review and approve all actions of the Receiver . . . should the action result or conceivably result in an expenditure or obligation of $10,000 or more." (Doc. # 599). In exercise of his authority, the Monitor refused to approve payments by the Receiver to Rachlin, her own accounting firm, for tax services relating to years 2006 and 2007. According to the Monitor, the tax bills exceed by more than $100,000 an engagement agreement approved by the Monitor which was capped at $76,500. (Doc. # 1204 at 14). Moreover, the Monitor states that Rachlin failed to file 2006 and 2007 returns in a timely manner, resulting in $241,855 late filing and payment liabilities. Id. at 15. In response to the Monitor's refusal to approve invoices, the Receiver filed her "Emergency Motion for an Order to Pay Rachlin LLP for Tax Services." (Doc. # 1205).

The Court **DEFERS** ruling on the Receiver's emergency motion until it receives the following additional briefing. Within 15 days of the date this Order is served, (1) the Monitor shall file a response to the Receiver's motion detailing the sequence of events leading to his refusal to approve payments to Rachlin and the reasons for doing so; and (2) the Receiver shall show good cause, if any can be shown, as to the reasons the tax returns were not timely filed and why the invoices for tax services exceeded the agreed upon contract price. In their submissions, the Receiver and Monitor shall comply with LCrR 12.1, which in part provides, "Every factual assertion in a . . . brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit . . . or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted."

C.  **SEVENTH MOTION FOR APPROVAL OF FEES AND EXPENSES**

The Government's seventh motion, doc. #1196, to approve compensation for the Receiver, Receiver's attorney and Monitor is **GRANTED**.

III. **CONCLUSION**

The Receiver is directed to comply with the orders set forth in Part II(A) regarding her 60-Day reports. The Court **DEFERS** ruling on the Receiver's Emergency Motion, doc. # 1205, until it receives additional briefing. The Receiver and Monitor are directed to brief the Court as set forth in Section II(B). Finally, the Court **GRANTS** the Government's seventh motion for approval of fees and expenses, doc. # 1196.

This 13 day of February 2009

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA