UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CR 405 - 59 |
| ) | |
| MARTIN J. BRADLEY, Jr., et al.  ) | |

**GOVERNMENT'S IDENTIFICATION OF ISSUES TO BE ADDRESSED DURING THE RESENTENCINGS OF BRADLEY, JR. AND TELLECHEA**

COMES NOW, the United States of America, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and hereby identifies the issues to be determined during the resentencings of Martin J. Bradley, Jr. and Albert L. Tellechea:

**BACKGROUND**

On March 29, 2006, after a six-week trial, a jury found Martin J. Bradley, Jr., Albert L. Tellechea and others guilty of a number of offenses relating to a massive pharmaceutical fraud, racketeering and money laundering scheme. Bradley, Jr. was convicted on four counts: Count 1 (racketeering), Count 54 (money laundering conspiracy) and Counts 285 and 286 (failure to disclose foreign financial interests). Tellechea was convicted on a single count: Count 3 (wire fraud and kickback conspiracy).

On September 6, 2006, the District Court sentenced Bradley, Jr. to concurrent sentences of 225 months in prison as to each of Counts 1 and 54, and concurrent 120-month sentences as to Counts 285 and 286. The Court also ordered restitution in the amount of $25,461,314.89; a fine in

1

the amount of $1,500,000; and assessments in the amount of $400. The District Court further incorporated into the judgment the Consent Preliminary Order of Forfeiture entered on April 3, 2006. [Doc 739]

Also on September 6, 2006, the District Court sentenced Tellechea to 60 months in prison. The Court further ordered restitution in the amount of $3,294,077.00; a fine in the amount of $100,000; and, a $100 assessment. [Doc 738]

On June 29, 2011, the Eleventh Circuit affirmed the convictions of Bradley, Jr. and Tellechea. <u>United States v. Martin J. Bradley, Jr., et al.</u>, 644 F.3d 1213 (11th Cir. 2011).[1] The Eleventh Circuit vacated Bradley, Jr.'s sentences with regard to Counts 1 (racketeering) and Count 54 (money laundering conspiracy), and vacated Tellechea's sentence with regard to Count 3 (wire fraud / kickback conspiracy). <u>Id</u>. at 1300-1302. The Eleventh Circuit's mandate was entered on September 22, 2011. [Doc 1335]

## ARGUMENT

Because the Eleventh Circuit vacated the sentences of Bradley, Jr. as to Counts 1 and 54 and the sentence of Tellechea as to Count 3, those sentences are void in their entirety.[2] As previously held by the Eleventh Circuit:

> A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines. Under this holistic approach, when a criminal sentence is vacated, it becomes void in its entirety; the sentence – including any enhancements – has been wholly nullified and the slate wiped clean. Consequently, when a sentence is vacated and the case is remanded for

---

[1] The Eleventh Circuit also affirmed the convictions and sentences of Martin J. Bradley III and Bio-Med Plus.

[2] Bradley, Jr. will not be resentenced on Counts 285 and 286 (failure to disclose foreign financial interests); those sentences were affirmed.

> resentencing, the district court is free to reconstruct the sentence utilizing any of the sentence components.

United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) (internal quotations and citations omitted). Upon resentencing Bradley, Jr. on Counts 1 and 54 and Tellechea on Count 3, the Court shall not be restricted in the range of issues that it may consider.[3]

Although certain sentences of Bradley, Jr. and Tellechea were "wiped clean," the Eleventh Circuit nonetheless offered guidance on the methods to be used upon resentencing. The issues identified by the Eleventh Circuit with regard to both Bradley, Jr.'s and Tellechea's resentencings include:

    A.      Resentencing Bradley, Jr. On Counts 1 and 54

        1.      Count 1 (Racketeering)

The District Court originally found the Bradley, Jr.'s total offense level for Count 1 was 40. When coupled with a criminal history category I, Bradley Jr.'s Guideline sentencing range was between 292 and 365 months imprisonment. The District Court varied downward on Bradley, Jr.'s sentence as to Count 1, sentencing Bradley, Jr. to 225 months. [Doc 739]

On appeal, Bradley, Jr. claimed the Court erred in calculating his total offense level. Specifically, Bradley, Jr. argued that the Court erred in: (1) calculating the loss amount under §

---

[3] The issues the District Court will determine upon resentencing include Guideline calculations, § 3553(a) factors, restitution and fines. Bradley, Jr. indicates in his filing that "[t]he maximum statutory fine, according to the Probation Officer's report, was $1,750,000.00." [Doc 1340, p. 3, fn3] Bradley, Jr. is correct that Probation identified the maximum statutory fine as $1,750,000.00. However, the actual maximum statutory fine under Bradley, Jr.'s Count 54 conviction is the greater of "$500,000 or twice the value involved in the transaction[s]." 18 U.S.C. § 1956(a)(1). Moreover, the actual maximum statutory fine under Bradley, Jr.'s Count 1 conviction may be "twice the gross profits or other proceeds" Bradley, Jr. derived from the racketeering offense. 18 U.S.C. § 1963(a).

2B1.1(b)(1); (2) applying the fifty-victim enhancement under § 22B1.1(b)(2)(B); (3) applying the vulnerable victim adjustment under § 3A1.1(b)(1); and, (4) applying any other specific offense characteristic or adjustment based on conduct not attributed to him by the jury. Bradley, 644 F.3d at 1299.

The Eleventh Circuit found that the District Court did not err in its loss determination under § 2B1.1(b)(1) or in its application of the vulnerable victim adjustment under § 3A1.1(b)(1). Id. The Eleventh Circuit did, however, find that the District Court erred in applying the four-level enhancement under § 2B1.1(b)(2)(B)(fifty or more victims). Id. According to the Eleventh Circuit:

> A four-level reduction of Bradley, Jr.'s total offense level, from 40 to 36, would reduce the Guidelines sentencing range from one well above the 225-month sentence imposed, at 292 to 365 months, to one subsuming it, at 188 to 235 months. Moreover, the district court previously evinced its desire to vary below both the 292 to 265 Guidelines range and 240 month statutory maximum. Given the circumstances, then, we cannot be certain that the 225 months' prison term still approximates the district court's intended sentence.

Id. at 1299-1300. The Eleventh Circuit further instructed, "On remand, the district court will calculate Bradley, Jr.'s Guideline sentencing range and reweigh the 18 U.S.C. § 3553(a) factors to determine whether Bradley, Jr.'s original sentence is still reasonable in light of this decision." Id.

At resentencing, the Government will contend that the Court should not resentence Bradley, Jr. below the 225-month sentence originally imposed.

    2.    Count 54 (Racketeering)

Count 54 alleged that Bradley, Jr. conspired to commit five money laundering objects in violation of 18 U.S.C. § 1956(h). The five objects included: (1) money laundering to promote a suspected unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I); money laundering to conceal and disguise the proceeds of unlawful activity in violation of Title 18,

United States Code, Section 1956(a)(1)(B(I); money laundering to avoid federal or state reporting requirements, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); engaging in financial transactions exceeding $10,000 in criminally derived proceeds, in violation of Title 18, United States Code, Section 1957; and, money laundering to evade income taxes, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(ii). [Doc 228]

The Eleventh Circuit provided that § 1B1.2(d) of the Guidelines "require[s] the district court to find beyond a reasonable doubt which offense(s) the defendant conspired to commit." Bradley, 644 F.3d at 1300-1301. Since the Eleventh Circuit found that the District Court erred in failing to make this finding, Bradley, Jr.'s sentence on Count 54 was vacated. Accordingly, upon resentencing Bradley, Jr. as to Count 54, the District Court shall make a finding beyond a reasonable doubt which object or objects Bradley, Jr. conspired to commit. At resentencing, the Government will argue that the evidence establishes beyond a reasonable doubt that Bradley, Jr. conspired to commit all five objects of the money laundering conspiracy.

      B.     <u>Resentencing Tellechea on Count 3 (Wire Fraud / Kickback Conspiracy)</u>

Count 3 alleged that Tellechea conspired to commit two objects in violation of 18 U.S.C. § 371; that is, wire fraud in violation of Title 18, United States Code, Section 1343, and the payment of kickbacks in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B). [Doc 228]

Similar to the sentencing of Bradley, Jr. on Count 54 (money laundering conspiracy), the Eleventh Circuit found that the District Court erred when it did not "make a finding as to which object offense drove the conviction." Bradley, 644 F.3d at 1302. Accordingly, upon resentencing Tellechea as to Count 3, the District Court shall make a finding beyond a reasonable doubt which object or objects Tellechea conspired to commit. At resentencing, the Government will argue that

the evidence establishes beyond a reasonable doubt that Tellechea conspired to commit both objects of the § 371 conspiracy.

## CONCLUSION

Bradley, Jr.'s sentences as to Counts 1 and 54, and Tellechea's sentence as to Count 3 have been vacated. The Government requests that the District Court order the Probation Office to prepare a revised presentence investigation report commensurate with the Eleventh Circuit's opinion. Upon completion of the revised PSIs, the Government requests that the Court conduct the resentencings of Bradley, Jr. and Tellechea.

Respectfully submitted, this 14th day of October, 2011.

EDWARD J. TARVER
UNITED STATES ATTORNEY


*s/ James D. Durham*

James D. Durham
First Assistant United States Attorney

PO Box 8970
Savannah, GA 31412
(912) 652-4388

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 14th day of October, 2011.

                                              Respectfully submitted,

                                              EDWARD J. TARVER
                                              UNITED STATES ATTORNEY

                                              *s/James D. Durham*

                                              James D. Durham
                                              First Assistant United States Attorney

PO Box 8970
Savannah, Georgia 31412
912.652.4422