IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 405-059 |
| | * | CV 413-121 |
| MARTIN BRADLEY, III | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 405-059 |
| | * | CV 414-198 |
| MARTIN BRADLEY, JR. | * | |

**O R D E R**

Before the Court is the Government's Motion for Status Conference and Motion for Continuance of Speedy Trial Act Deadline. (Docs. 1558, 1559.) Upon due consideration, the Court finds that the motion for continuance is made in the interests of justice and not for the purpose of delay. The Court further finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and Defendant Martin Bradley III in a speedy trial for a number of reasons, including but not limited to the following: the case is so unusual or so complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself

within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*[1]

**IT IS THEREFORE ORDERED** that the Government's motion for continuance (doc. 1559) is **GRANTED** and the retrial of Defendant Bradley III in this matter shall be continued to the next trial term and that the time period between the granting of this continuance and the commencement of the next term be excluded from the time limits set out in the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. **IT IS FURTHER ORDERED** that the Government's motion for status conference (doc. 1558) is **GRANTED** and a hearing shall be held on **THURSDAY, JUNE 22, 2017** at **10:00 A.M.** in the First Floor Courtroom of the United States District Court located at 125 Bull Street, Savannah, Georgia 31401. The Court **DIRECTS** the parties to meet and confer prior to the aforementioned hearing to narrow the issues to be taken up at

---

[1] After an approximately six-week trial in 2006, Defendant Bradley III was convicted of 247 felony crimes on March 29, 2006. (See Doc. 553.) On January 19, 2017, the United States Court of Appeals for the Eleventh Circuit directed that Defendant Bradley III's convictions on Counts 1-53 of the superseding indictment be set aside. (Doc. 1544.) The mandate of the Eleventh Circuit was made the judgment of this Court by Order dated April 13, 2017. (Doc. 1551.) In its motion for status conference, the Government states that it "intend[s] to re-try Bradley III on Counts 1-53, absent some agreement with him as to the proper resolution of those counts." (Doc. 1558, at 1.) The counts to be retried against Defendant Bradley III charge him with being part of a racketeering enterprise that engaged in a variety of complex criminal activity. (See Doc. 228.) Indeed, "[a]t a status conference conducted on June 10, 2005, attorney Roy Black, speaking for all defense counsel, acknowledged that this case is unusually complex and that all defendants agree the case should not be set for trial within the deadline established by the Speedy Trial Act . . . ." (Doc. 140, at 1.) Accordingly, on June 23, 2005, the defendants - including Defendant Bradley III - jointly filed a waiver of their rights under the Speedy Trial Act. (Doc. 131.) Unfortunately, the passage of time and factors associated therewith (*e.g.*, lack of continuity of counsel and availability of witnesses) has only further complicated the resolution of this matter and make retrial within seventy days impractical. See 18 U.S.C. § 3161(e).

the hearing and establish a schedule under which the retrial of Defendant Bradley III – and potentially Defendant Bradley, Jr. – shall occur.[2]

**ORDER ENTERED** at Augusta, Georgia, this 26th day of May, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court is cognizant of Defendant Martin Bradley, Jr.'s renewed motion to vacate and set aside his conviction pursuant to 28 U.S.C. § 2255. (Doc. 1554; see also Doc. 1532.) Therein, Defendant Bradley, Jr. argues that the Eleventh Circuit's decision in Defendant Bradley, III's recent Section 2255 appeal (Doc. 1544) is dispositive as to the issues raised in Defendant Bradley, Jr's present Section 2255 proceeding and requests that the Court "summarily grant his § 2255 petition as it challenges the conviction . . ." and resentence and/or retry him on Count I of the indictment. (Doc. 1554.) So as to conserve judicial resources and avoid the possibility of conflicting orders, Defendant Bradley, Jr. is **ORDERED** to attend the June 22, 2017 hearing and participate in the pre-hearing meet and confer session contemplated by this Order.

3